# WASHINGTON COUNTY.

—◆—

ELIZA L. CHAPMAN *et al. vs.* OTIS P. CHAPMAN *et al.*

A bill in equity was filed by the distributees of a decedent against his administrator and a former partner to set aside the report of commissioners on his estate, and for an account. The bill was demurred to.

*Held,* that the bill would not be sustained because the commissioners had allowed a claim of the former partner arising from partnership transactions, as law and equity have concurrent jurisdiction of such claims.

*Held,* further, that the bill would not be sustained by allegations tending to show fraud and collusion on the part of the respondents in procuring the report, fraud not being directly charged, and the allegations being consistent with mere negligence on the part of the administrator, for which he could be made accountable to the Probate Court.

*Held,* further, that the bill would be sustained, because it charged the collection by the former partner of partnership moneys after the date of the claim allowed by the commissioners, and the neglect to collect other partnership moneys, of which, on the refusal of the administrator, the distributees could compel an account.

BILL IN EQUITY to vacate the report of commissioners on an insolvent decedent's estate, and for an account. On demurrer to the bill.

The case is stated in the opinion of the court.

Of the two respondents to the bill of complaint one, Chapman, made answer, and the other, Cross, demurred. The case was heard on the demurrer of the latter.

*Providence, July* 7, 1882.  DURFEE, C. J.  This is a suit in equity by the widow and children of the late William H. Chapman, deceased, suing as distributees of his estate, against Otis P. Chapman, a brother of said William and his former copartner in business, and against Samuel H. Cross, the administrator on his estate.  The bill shows that the estate was represented insolvent by Cross, that commissioners were appointed thereon to receive and adjudicate the claims of creditors, and that December 6, 1880, the commissioners reported a list of claims allowed, among which was a claim of $1,362.76 allowed to said Otis.  The bill alleges, in effect, that this claim was, or purported to be, a claim growing out of the transactions of the copartnership; that the claim is grossly unjust and in some of its items fictitious, and that in fact

there is and was, when said claim was presented, a large balance due the estate by said Otis on account of the copartnership. The bill, which was not filed until January 27, 1882, prays for a decree vacating the allowance. It has been demurred to by the administrator.

One ground on which the complainants seek to have the allowance vacated is that the commissioners had no jurisdiction of the claim, the settlement of a copartnership account being purely a matter of chancery. Relief cannot be granted on this ground, for in the matter of copartnership accounts law and equity have concurrent jurisdiction, the remedy at law being the old common law action of account.

The complainants also ask relief on the ground that they had no notice of the claim until long after it had been presented and allowed and the time for taking an appeal had elapsed. It is not pretended, however, that the notice required by the statute was not duly given; nor is it alleged that the complainants did not in fact have that notice, the allegations being simply that they had no notice of the presentation or allowance of the claim.

We do not think the complainants make a case for relief on this ground. The complainants ask relief on still another ground. They allege in their bill certain facts and circumstances which if proved would have a tendency to show that Cross fraudulently connived at the allowance of the claim, or that Cross and the said Otis colluded together for the purpose of getting the claim allowed and paid out of the estate to defraud the estate. The allegations do not amount to a charge of fraudulent collusion or conspiracy. All the facts and circumstances alleged may have existed, and yet Cross may have been innocent of fraud and guilty only of negligence. If he was guilty of negligence in not defending against the claim, the complainants can have advantage of it in the hearing on his administration account, which the bill shows is pending in the Probate Court. We think, therefore, that no relief can be given on this ground; for certainly the mere fact that a claim allowed by the commissioners was unfounded is no reason for vacating the allowance, in the absence of fraud or mistake. To determine whether claims are founded or unfounded is the very work which the commissioners are appointed to do, and

this report, when made and received, is in the nature and has the conclusiveness of a judgment. *Mowry* v. *Peck*, 2 R. I. 60. If the complainants mean to charge fraud they should charge it in terms or charge facts which in themselves amount to fraud, and are not merely evidence of it. We think the bill does not, as now framed, allege grounds on which the report can be vacated.

The complainants ask relief on another ground. Their bill alleges that since May 22, 1880, the date to which the claim allowed in favor of Otis was made up, he has collected a large sum of money on the outstanding accounts of the copartnership, for which he has not accounted to the estate; that there are also many and valuable copartnership accounts outstanding which he neglects and refuses to collect; that the estate is solvent, and that the complainants, who are entitled to the surplus which will remain after the payment of the debts, have repeatedly requested and urged Cross and the said Otis to have a full and complete accounting in respect of the copartnership, and they have refused to do so. We think the complainants present in these allegations a case for relief. The claim allowed by the commissioner, a copy of which is appended to the bill, does not purport to be a complete and final account of the partnership transactions. If, then, there are moneys which the said Otis has collected since the allowance of that claim, a part of which belongs to the estate, or if there are such moneys which are collectible and which he neglects and refuses to collect, we think the estate is entitled to have an account of them, and that on the refusal of the administrator the complainants can maintain a suit for such an account. Of course the administrator, as the legal representative of the estate, is a proper party to such a suit. *Bowsher* v. *Watkins*, 1 Russ. & M. 277; Lindley on Partnership, 1110.

*Demurrer overruled.*

*H. A. McKenney*, for complainants.
*Thomas H. Peabody*, for respondent Chapman.
*Ziba O. Slocum*, for respondent Cross.